UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR W. MANGINO,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCID GROUP, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-02094-JD<br><br>**ORDER RE CONSOLIDATION, LEAD PLAINTIFF AND LEAD COUNSEL** |
| ANANT GOEL,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCID GROUP, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-03176-JD |

## I.    CONSOLIDATION

These two cases -- *Mangino v. Lucid Group, Inc.*, Case No. 22-cv-02094-JD, and *Goel v. Lucid Group, Inc.*, Case No. 22-cv-03176-JD -- are shareholder class actions alleging securities fraud by Lucid Group, Inc. and its officers based on substantially similar factual allegations. The cases involve common questions of law and fact. They are related under Civil Local Rule 3-12, and are now consolidated for all purposes including trial under Federal Rule of Civil Procedure 42(a), as requested. *See* Dkt. No. 31.[1]

The cases are consolidated into the lower-numbered case, No. 22-cv-02094-JD. Going forward, the case will be re-captioned *In re Lucid Group, Inc. Securities Litigation*. The *Goel* case, No. 22-cv-03176-JD, will be closed.

---

[1] All docket number references are to the *Mangino* docket, Case No. 22-cv-02094-JD.

1   If the parties become aware of any other potentially related or overlapping cases, they must
2   promptly file on the docket a motion to relate (Civil L.R. 3-12(b)), or a notice of pendency (Civil
3   L.R. 3-13), as appropriate.

## II. APPOINTMENT OF LEAD PLAINTIFF

The Court has discussed in other orders the three-step process for appointing a lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).  *See In re Stitch Fix, Inc. Securities Litigation*, 393 F. Supp. 3d. 833 (N.D. Cal. 2019). The first step is for the plaintiff in the first-filed action to "municiz[e] the pendency of the action, the claims made and the purported class period" in "a widely circulated national business-oriented publication or wire service." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(A)).  The notice must "also state that 'any member of the purported class may move the court to serve as lead plaintiff.'" *Id*.  There is no dispute that this step was adequately completed by plaintiff Victor W. Mangino.  *See* Dkt. No. 7 (Notice of Publication).

In the next two steps, the Court considers "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.  In step two, the Court determines presumptive lead plaintiff status relying on the "presumptive lead plaintiff's complaint and sworn certification." *Id*. at 730.  In step three, the other plaintiffs have "an opportunity to rebut the presumptive lead plaintiff's showing" by "present[ing] evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Id*.

The process here started with seven lead plaintiff applications.  Dkt. Nos. 8, 11, 14, 18, 24, 31, 18.  But at this point, it is not disputed that institutional plaintiff Sjunde AP-Fonden (AP7) possesses the largest financial interest in this litigation.  Dkt. Nos. 42, 43, 44, 49, 51, 52.  Nor has any other plaintiff presented evidence disputing AP7's prima facie showing of typicality and adequacy.  Dkt. No. 31.

The Court appoints Sjunde AP-Fonden as the lead plaintiff in this action.

### III. APPOINTMENT OF LEAD COUNSEL

Under the PSLRA, the Court must also appoint lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). "While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734 (citations omitted). AP7 has selected the firm of Kessler Topaz. The Court sees no reason to disagree with this selection. Kessler Topaz Meltzer & Check, LLP is appointed lead counsel for the putative class in this consolidated action.

### IV. CASE SCHEDULE AND NEXT STEPS

As was ordered pursuant to stipulation, Dkt. No. 50, the parties are directed to meet and confer to set a schedule for lead plaintiff's filing of a consolidated complaint and for defendants' response to the complaint. A proposed joint schedule is due by October 14, 2022.

For the consolidated complaint, pursuant to the PSLRA and the Federal Rules of Civil Procedure, and for the sake of clarity and efficient case management, lead plaintiff is directed to set out in chart form its securities fraud allegations under the following headings on a numbered, statement-by-statement basis: (1) the speaker(s), date(s) and medium; (2) the false and misleading statements; (3) the reasons why the statements were false and misleading when made; and (4) the facts giving rise to a strong inference of scienter. An example may be found at Dkt. No. 112 in *In re Stitch Fix, Inc. Securities Litigation*, Case No. 3:18-cv-06208-JD. The chart may be attached to or contained in the consolidated complaint, but in any event will be deemed to be a part of the complaint.

**IT IS SO ORDERED.**

Dated: September 30, 2022

JAMES DONATO
United States District Judge